UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

December 15, 2005

Daniel Bernard Loftus, Esq.
220 N Market St
Frederick, MD 21701

John T. Husk, Esq.
2240 Gallows Rd
Vienna, VA 22182

William C Davis, III, Esq.
11921 Rockville Pike Ste 300
Rockville, MD 20852-2743

   **Re:  Ramar Moving Systems, Inc. v. eScrub Systems, Inc.**
        **Civil No. WDQ-05-0657**

Dear Counsel:

     Presently pending before the Court is the defendant/counter-plaintiff eScrub System's ("defendant's") Motion for Protective Order (Paper No. 25), the Joint Request for Extension of Deadlines (Paper No. 31), and defendant's Motion for Extension of Time of Deadline to Submit Rule 26(a)(2) disclosures (Paper No. 26).  Plaintiff objects to defendants' motion for protective order.  (Paper No. 25).  The plaintiff objects to the motion.  (Paper No. 27).  A hearing was held on December 14, 2005.

     This is a breach of contract case.  Plaintiff alleges that defendant failed to pay the agreed price for moving the defendant's goods. (Paper No. 2).  Defendant counterclaimed, alleging that plaintiff failed to deliver all of the goods at issue and that some of the items have been damaged.  (Paper No. 4).

     Defendant sought to protect from disclosure allegedly

-1-

confidential information about their product, called a modulator, currently in the possession of the plaintiff.[1]  Plaintiff objects, alleging that the item is not a trade secret; and even if it was, no good cause exists for granting the protective order.

Pursuant to FED. R. CIV. P. 26 (c)(7), "for good cause shown,' the Court may enter a protective order protecting a trade secret not to be revealed or be revealed only in a designated way." FED. R. CIV. P. 26 (c)(7).  The party resisting discovery must demonstrate that the material in question is a trade secret or other confidential information within scope of rule, and disclosure would cause identifiable, significant harm.  Deford v. Schmid Products Co., 120 F.R.D. 648, 653 (D. Md. 1987).  The rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.  Furlow v. United States, 55 F.Supp.2d 360, 366 (D. Md. 1999)(quoting Seattle Times v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984)).

   A.   Trade Secret

Under the Maryland Uniform Trade Secrets Act, a trade secret is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Md. Code Ann., Commercial Law § 11-1201(e) (2005).

---

[1] Plaintiff notified the defendant that an independent expert would inspect and photograph the goods.  As part of his report, the expert would describe the equipment layout and topology.  The defendant objected to any investigation before its confidential and proprietary information was protected.  The parties then exchanged proposed consent protective orders.  The plaintiff proceeded with its inspection.  The expert's report, along with the plaintiff's other 26(a)(2) disclosures, was filed publicly.

In addition, plaintiff submitted an interrogatory which asked the defendant to identify and produce all "specs", design specifications of drawings, manufacturing specifications or drawing, or other descriptive information including sales and promotional materials relating to the saturable reactor modulator." (Paper No. 27-1 at 2). Defendant declined to produce proprietary information in response to the request until the information was protected from disclosure.

-2-

### 1. Derives Independent Economic Value

"The information must hold independent economic value because it is not generally known or readily ascertainable by others who stand to benefit economically if they use or disclose it." Diamond v. T. Rowe Price Assocs., 852 F.Supp. 372, 411 (D. Md. 1994) (applying Maryland law). In many cases, the economic value may be readily apparent. Trandes v. Guy F. Atkinson Co., 996 F.2d 655, 663 (4th Cir. 1993) (item had independent economic value when a competitor used the item at issue).

Defendant signed two license agreements, under which eSCRUB received design fees in exchange for permitting each company to utilize the modulator to design, manufacture and sell associated products in exchange for the design fees. (Paper No. 30-1 at 5). Thus, the independent economic value of this information is readily apparent from the third parties' willingness to pay for a license to use the modulator to create new technology.

### 2. Reasonable Efforts to Maintain its Secrecy

To satisfy the second prong of the test, the evidence must show that the information is not generally known throughout the relevant industry. Trandes v. Guy F. Atkinson Co., 996 F.2d 655, 664 (4th Cir. 1993). However, the defendant need not make a showing of absolute secrecy. Id. at 663. Instead, the efforts must be sufficient to make it difficult for an individual to acquire the trade secret through innocent means. Trandes v. Guy F. Atkinson Co., 996 F.2d 655, 664 (4th Cir. 1993). See also LeJune v. Coin Acceptors, 381 Md. 288, 310, 849 A.2d 451, 464-5 (2004) (reasonable efforts include marking all disclosed information as "confidential" and negotiating non-disclosure agreements with customers.).

The defendant took reasonable efforts to protect the information. No patent discloses the modulator's procedures, mechanisms, integration protocol, or the materials used to construct the modulator. (Paper No. 30-1 at 4). In addition, the process for creating the modulator or its equipment has never been described in a trade or journal publication. (Paper No. 25-1 at 4). Defendant did not make the item available to the general public; only licensees were permitted access. In 2001, when the defendant did provide the plaintiff with facility drawings, confidential information about the equipment, the defendant also negotiated a non-disclosure agreement with the

plaintiff.[2] While the defendant did not ask the plaintiff to sign a non-disclosure agreement in connection with the agreement to ship products in November 2003, no confidential drawings were provided at that time. Otherwise, it was reasonable for the defendant to conclude that while removing, packing, transporting, and delivering certain items, the plaintiff would not have cause to inspect the manufacture and design of the modulator.

   B.   Good Cause

   The party asserting good cause bears the burden of showing the specific prejudice or harm will result if no protective order is granted. Wilson v. Bard, 149 F.3d 249, 252 (4th Cir. 1998); Deford v. Schmid Prods. Co., 120 F.R.D. 648, 653 (D. Md. 1987). Stereotyped and conclusory statements are insufficient to meet this burden. Brittain v. Stroh Brewery, 136 F.R.D. 408 (M.D.N.C. 1991). Instead, the moving party must supply particular and specific demonstrations. Id.

   In determining whether good cause exists, courts should balance the interest of the party seeking the disclosure against those of the party seeking protection. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 785-6 (3d Cir. 1994); In re Initial Public Offering Securities Litigation, 220 F.R.D. 30, 36 (S.D.N.Y. 2003). Factors that the Court may consider include: 1. evidence of "annoyance, embarrassment, oppression, or undue burden or expense; 2. how central (or tangential) the evidence sought is in relation to the central issues in the litigation; 3. the importance of the issues in the litigation to the public; 4. the parties' stakes in the outcome of the litigation; 5. whether the evidence sought is available from other sources; and  6. whether discovery of the evidence can be conditioned on terms that would alleviate the hardship in producing it." In re Initial Public Offering Securities Litigation, 220 F.R.D. 30, 36 (S.D.N.Y. 2003).[3]

---

   [2] The defendant sent a letter which stated that by accepting its business, the plaintiff shall not use or disclose any trade secret acquired during its relationship with the defendant. (Paper No. 30, Exh. 5).

   [3] A similar balancing test was adopted by the Third Circuit. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) ((1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the

The defendant presented sufficient specific evidence in support of their claim -- namely that derives its income by licensing its equipment to third parties. If the Court does not protect the information at issue, business competitors could replicate the modulator through reverse engineering, hindering the defendant's ability to conduct business. (Paper No. 30-1 at 5-6).

Because the defendant presented sufficiently specific evidence, the Court must then proceed to weigh the relative benefit and harm to both parties of adopting the protective order. Here, it is unclear how the plaintiff will be harmed if the proposed order is adopted. The defendant did not ask the Court to prevent any discovery of the information. The request would only restrict the dissemination of information acquired by the plaintiff and their expert. Thus, even if the information was of central importance to the case, the plaintiff has access to it. Moreover, blocking public disclosure of the item does not implicate any health or safety interest of the public. In comparison, the defendant had a significant financial interest in blocking access to the item. Thus, assuming the defendant met its burden, the Court should find good cause exists to grant the order.

For all these reasons, the motion is GRANTED.

In granting the motion, the Court hereby enters the plaintiff's proposed consent order as the protective order in this case, with two limited changes. First, Provision No. 13 (the six million dollar liquidated damages clause) is hereby removed. Second, Provision No. 7 is hereby amended to permit disclosure of the protected information to the parties' insurers and experts, as permitted by the provisions of the Protective Order.

In addition, Joint Request for Extension of Deadlines is hereby GRANTED and Defendant/Counter-plaintiff eSCRUB Systems, Inc.'s Motion for Extension of Time of Deadline to Submit Rule 26(a)(2) disclosures is hereby GRANTED. As a result, the pretrial order will be amended as follows: (1) on or before December 28, 2005 the defendant must produce to the plaintiff all discovery withheld pending the dispute; (2) on or before January 7, 2006, the defendant must have completed its inspection of the

---

sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public.")

items and provided any subsequent reports to the plaintiff; (3) on or before January 17, 2006, all discovery must be completed; and (4) all other deadlines will be extended by thirty (30) days.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                        Sincerely yours,

                                        /s/

                                        Susan K. Gauvey
                                        United States Magistrate Judge

cc:   Court file