IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION


RAMAR MOVING SYSTEMS, INC.,          *

  Plaintiff/Counter-defendant,     *

v.                                   *     CIVIL NO.: WDQ-05-cv-657

eSCRUB SYSTEMS, INC., et al.,        *

  Defendants/Counter-plaintiffs.   *

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION AND ORDER

Defendant/Counter-plaintiff eSCRUB Systems, Inc. ("eSCRUB")
seeks leave to join an additional party to its counterclaim against
Plaintiff/Counter-defendant Ramar Moving Systems, Inc. ("Ramar").[1]
For the following reasons, eSCRUB's motion will be denied.


I.   BACKGROUND

On August 3, 2005, this Court issued a scheduling order setting
September 19, 2005 as the deadline for the parties to move for
joinder of additional parties and amendment of pleadings.   *See*
Docket No. 20.   On September 19, 2005, the parties filed a joint
stipulation for extension of deadlines.   *See* Docket No. 23.   The
Court granted the parties' motion on September 20, 2005 and ordered,

---

[1] Ralph Genuario, co-Defendant/Counter-plaintiff is not named
as a movant in the motion to join an additional party, although
Mr. Genuario is named in the proposed second amended counterclaim
attached to eSCRUB's motion at Exhibit 1.

1

among other deadlines, the joinder of additional parties and amendment of pleadings by October 24, 2005. *See* Docket No. 24. Although the joint stipulation stated that the parties were seeking extension of some of the remaining case deadlines based upon an expected inspection of eSCRUB's equipment on October 14, 2005, and the Court noted the inspection date in its Order regarding a mutually-agreeable Consent Protective Order, the Court's Order did not contain any contingencies regarding the deadline for joining additional parties (i.e., such as a rescheduled inspection date). The inspection occurred on January 3, 2006. Mot. at ¶ 12. eSCRUB moved to join Johnson Moving and Storage Company ("Johnson") on January 12, 2006.

II.  LEGAL DISCUSSION

1.  Standard of Review

eSCRUB's motion to amend their counterclaim by joining an additional party triggers both Fed. R. Civ. P. 15(a), governing amendment to pleadings, and Fed. R. Civ. P. 16(b), governing modification to a scheduling order. Rule 15(a) states "leave shall be freely given when justice so requires" while Rule 16(a) states a "schedule shall not be modified except upon a showing of good cause and by leave of the district judge...." This Court has adopted a two-step analysis for satisfying two rules that are at odds with one another.

> Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b).  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under 15(a).

*Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (D. Md. 2002)(*quoting Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995)).[2]  The primary consideration of the Rule 16(b) good cause standard is the diligence of the movant.  *Id*. at 374.  "'The focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.'" *Id*. (*citing Marcum*, 163 F.R.D. at 254 (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992))).  It is within the district judge's discretion to determine whether good cause has been shown.  *Id*.

2.  eSCRUB has not Shown Good Cause for Joinder

eSCRUB seeks to join Johnson as an additional defendant to eSCRUB's counterclaim, asserting both breach of contract and negligence claims against Johnson.  *See* Mot. Ex. 1 at 10-11. eSCRUB alleges it was unaware of a cause of action against Johnson, the company storing eSCRUB's equipment, until after the inspection occurred on January 3, 2006.  Mot. at ¶¶ 9-10, 13-14.  eSCRUB

---

[2] *See also Odyssey Travel Center, Inc. v. Ro Cruises, Inc.*, 262 F. Supp. 2d 618, 631-632 (D. Md. 2003); *Gateau v. Building One Service Solutions, Inc.*, No. DKC 2004-0779, 2005 U.S. Dist. Lexis 30437, at *5-8 (D. Md. 2005).

alleges that only after the inspection did they learn for the first time that their  equipment was not stored in a secure location and that a contract existed between Johnson and Ramar regarding storage and maintenance of eSCRUB's equipment.  *Id*. at ¶¶ 13-14.  eSCRUB contends that the equipment is not "secure" because Johnson is storing the equipment outside.  *Id*. at ¶ 13.  eSCRUB's allegations are premised on a lack of awareness regarding a cause of action against Johnson before the inspection took place.

Ramar contends that eSCRUB was aware of storage by Johnson and the outside location of the equipment, because Ramar's interrogatory response No. 19 stated "...the freight that are the subject matter of eSCRUB's Counterclaim have been stored at Johnson's Storage and Moving Company....The items have been stored outside since arrival but have been tarped and wrapped and placed in a secure location." *See* Opp. Mot. at 5.  Ramar served their interrogatory responses on October 18, 2005 and eSCRUB acknowledged the discovery response pertaining to Johnson in its motion for a protective order filed on November 10, 2005.  *See* Docket No. 25 at pg. 7.  eSCRUB could have joined Johnson before October 24, 2005 and before the inspection in January 2006.  *See Quirk v. Home Depot U.S.A.*, No. JFM 05-810, 2005 U.S. Dist. Lexis 33148, at *6 (D. Md. 2005)(denying leave to join additional parties after deadline when plaintiff knew identity of party before scheduling deadline).

Although eSCRUB argues that both parties agreed to extending

4

the deadline for joinder 10 days after the inspection, Ramar disagrees and references other deadline extensions that have been sought since October 24, 2005, none of which involved joinder of additional parties. Opp. Mot. at 3-4. The Court finds that eSCRUB has failed to show good cause for modifying the scheduling deadline for joinder of additional parties ordered on September 20, 2005, thus obviating the need to review the Rule 15(a) test for amendment.


                              CONCLUSION

     For the reasons discussed above, eSCRUB's motion to join an additional party will be denied.


<u>February 15, 2006</u>                     <u>          /s/          </u>

Date                                 William D. Quarles, Jr.
                                     United States District Judge