IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| | * |
| RAMAR MOVING SYSTEMS, INC., | |
| | * |
| Plaintiff/Counter-defendant | |
| | * |
| v. | CIVIL NO.: WDQ-05-657 |
| | * |
| ESCRUB SYSTEMS, INC., *et al.*, | |
| | * |
| Defendant/Counter-plaintiffs | |
| | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Ramar Moving Systems, Incorporated ("Ramar") has sued EScrub Systems, Incorporated ("EScrub") for breach of contract. EScrub and Ralph D. Genuario, the President of EScrub, have counterclaimed, alleging violation of the Carmack Amendment, 49 U.S.C. 13101, *et seq.*, and assault. Pending is Ramar's motion for summary judgment on EScrub's and Genuario's counterclaim. For the following reasons, the motion will be denied.

I. Background

In October, 2003, EScrub contracted Ramar to pack and transport inventory, goods, and supplies from EScrub's Alexandria, Virginia facility to Bordentown, New Jersey and Albuquerque, New Mexico. Amended Counterclaim, ¶¶ 6-8. In November, 2003, Ramar packed and removed EScrub's goods, including a sensitive piece of machinery called a Saturable

1

Reactor Modulator.  *Id* at 15.

Ramar claims that EScrub breached the contract by failing to pay the shipping fees.  Complaint, ¶ 13.  EScrub counters that Ramar failed to deliver several items, including the Saturable Reactor Modulator, and is holding them at an undisclosed storage location.  Am. Counterclaim, ¶ 20.  EScrub and Genuario further allege that in January, 2004, Ramar employees assaulted Genuario in an effort to extract payment.

Ramar has moved for summary judgment on the Counterclaim arguing that: 1) EScrub's damages are limited by the Carmack Amendment; 2) EScrub cannot be awarded consequential or special damages; 3) EScrub cannot be awarded attorney's fees; 4) Ramar is entitled to payment for crane and rigging services; and 5) Genuario cannot establish a claim for assault.


II.  Analysis

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . .

to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id* at 249. Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the opposing party must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

Under Rule 56 a party is not entitled to summary judgment on part of a claim. *See Felix v. Sun Microsystems,* 2004 WL 911303, slip. op. (D.Md. 2004) *and cases cited therein.*


A.  Violation of the Carmack Amendment

In Count I of the Counterclaim, EScrub seeks damages for Ramar's alleged violation of the Carmack Amendment.  Ramar has moved for summary judgment seeking to limit its liability for EScrub's damaged goods and to bar the award of consequential damages, special damages and the award of attorney's fees.  Ramar has also moved for summary judgment on the award of fees for

crane and rigging services.

As noted above, however, the Court will not grant summary judgment when judgment would not be dispositive of an entire claim.  Therefore, as Ramar's motion seeks only to limit damages, the motion will be denied as to Count I.

B.  Assault

In Count II of the Counterclaim, Genuario seeks compensation for the alleged January, 2004 assault.  Ramar has moved for summary judgment on the assault claim arguing that Genuario cannot establish that he had a reasonable apprehension of battery.

To prove assault under Virginia law, a plaintiff must show that the defendant "performed an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in the other person's mind a reasonable apprehension of an imminent battery." *Bowie v. Murphy,* 271 Va. 127, 136 (Va. 2006); *see also Etherton v. Doe,* 268 Va. 209, 213 (Va. 2004).

Genuario has testified that on January 22, 2004 Ramar representatives accosted him and Maija Harkonen (EScrub's Vice President of Operations) as they left EScrub's offices in Virginia, blocked their path, threatened to "hurt" them if they didn't pay Ramar's invoices and pushed Genuario.  Genuario Dep.,

4

p. 27.  There is a triable factual dispute, accordingly, Ramar's motion for summary judgment will be denied as to Count II.


III.  Conclusion

For the reasons stated above, Ramar's motion for summary judgment will be denied.


<u>March 28, 2006</u>                    _____/s/_____
Date                                     William D. Quarles, Jr.
                                         United States District Judge

5